**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**June 13, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DERALD W. GEDDES,

    Defendant - Appellant,

and

BLACK ROCK VENTURES, LLC;
NATIONWIDE BANK; SUZANNE
GRISMORE GEDDES; STATE OF
UTAH, Tax Commission; WEBER
COUNTY, UTAH,

    Defendants.

No. 21-4097
(D.C. No. 1:17-CV-00167-RJS-CMR)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Derald W. Geddes, proceeding pro se, filed this interlocutory appeal from the district court's denial of his motion to dismiss. Because we lack jurisdiction to review the district court's nonfinal order, we dismiss this appeal.

## I. BACKGROUND

In 2007, Mr. Geddes was assessed for tax liabilities for tax years 2003-2005. A late filing penalty for the tax year 2004 was assessed in 2017. Between 2011 and 2013, Mr. Geddes was also assessed for tax liabilities for tax years 2007-2010.

In October 2017, the government filed the underlying action in district court seeking to reduce to judgment $994,682.10 of unpaid federal income tax and civil penalty assessments, and to foreclose related federal tax liens. The government filed the action three days before the statute of limitations ran on Mr. Geddes's 2003 liabilities and eight months before the limitations period would run on his 2004-2005 liabilities.

At the time of filing, the government believed Mr. Geddes was residing in Chile. After serving the other defendants, the government informed the court that Mr. Geddes had not been served because he was not living in the United States. The government hired a private investigator to locate Mr. Geddes in Chile so he could be served, but the investigator was unable to find him.

In February 2020, Mr. Geddes was arrested in Florida on related criminal charges and taken into federal custody. In January 2021, the IRS Office of Chief Counsel informed counsel for the government in this matter that Mr. Geddes was being held in the Weber County Jail awaiting trial on the criminal charges. In

February 2021, the government served Mr. Geddes with the Summons and Complaint.

Mr. Geddes responded by filing a motion to dismiss the action based on insufficient service of process under Rule 4(m) of the Federal Rules of Civil Procedure,[1] lack of subject matter and personal jurisdiction, and immunity from suit as a foreign sovereign.

The district court rejected Mr. Geddes's jurisdictional challenges and his contention that he was immune from suit under the Foreign Sovereign Immunities Act and the Constitution. Regarding his immunity claim, the court observed that Mr. Geddes is "not a foreign state or sovereign and has not shown how he can qualify for immunity under the Act." ROA at 70; *see also id.* at 71 ("Geddes provides no argument or support for [his] contentions [that he is immune from suit under the Foreign Sovereign Immunities Act and the Constitution] as required by Local Rule 7-1(a)(1)" and "none of these authorities provide a source of immunity to defendants like Geddes.").

---

[1] Rule 4(m) provides in relevant part:
> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

As for Mr. Geddes's argument about insufficient service of process, the court determined the government had shown good cause for not serving Mr. Geddes within 90 days of filing the complaint. Alternatively, the court said the government should be granted a permissive extension of time to effectuate service. The court therefore denied Mr. Geddes's motion to dismiss and granted the government a 30-day extension of time to properly effect service.[2]

Mr. Geddes then filed this interlocutory appeal from the district court's order.

## II. DISCUSSION

The government contends we lack jurisdiction over this interlocutory appeal because the order denying the motion to dismiss is not a final decision and the order is also not appealable under the collateral order doctrine. We agree.

Under 28 U.S.C. § 1291, we have "jurisdiction of appeals from all final decisions of the district courts of the United States." "A final decision is one that fully resolves all claims for relief." *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.,* 82 F.3d 1533, 1541 (10th Cir. 1996).

The district court's order denying the motion to dismiss is not a final decision under § 1291 because it did not resolve any claims for relief. Instead, it is a nonfinal order that "ensures . . . litigation will continue in the District Court." *Yousef v. Reno,* 254 F.3d 1214, 1217 (10th Cir. 2001) (quotations omitted). After the district court

_____

[2] The government re-served Mr. Geddes with the complaint five days later.

entered its order, the government re-served the complaint. Mr. Geddes then filed an answer and counterclaim as well as a motion seeking discovery.

In his reply brief, Mr. Geddes appears to concede the district court's order is not final, explaining that "[f]inal decisions are not the only appealable orders." Aplt. Reply Br. at 15. He contends, however, that his "[a]ppeal is appealable pursuant to 1291 and [the] collateral order doctrine." *Id.*

The collateral order doctrine, first recognized in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949), provides a narrow exception to the final-decision rule by recognizing "a small class of collateral rulings that, although they do not end the litigation, are appropriately deemed final." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) (quotations omitted). "To fall within this small class, a district court order must satisfy three requirements: it must [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the case, and [3] be effectively unreviewable on appeal from a final judgment." *United States v. Tucker*, 745 F.3d 1054, 1063 (10th Cir. 2014) (quotations omitted).

Mr. Geddes does not explain how the district court's order meets any of the collateral order doctrine requirements. *See* Aplt. Reply Br. at 15. The government argues persuasively why it does not. *See, e.g.*, Aplee. Br. at 21 (explaining that "although the efficacy of service of process is an issue that is separate from the underlying merits dispute about Geddes's tax liability, it is also an issue that is fully reviewable on appeal at the conclusion of the underlying litigation"); *id.* at 24

5

(characterizing Mr. Geddes's "claim to immunity as a purportedly sovereign citizen" as "frivolous as a matter of law" and therefore asserting it is not an "important issue" for purposes of the collateral order doctrine (quotations omitted)).

Finally, Mr. Geddes contends the district court's order is an "[a]ppealable interlocutory order pursuant [to] 28 U.S.C. § 1292(b) when jurisdiction and immunity are also challenged." Aplt. Reply Br. at 15. But he offers no further explanation as to how § 1292(b) applies to his case. *See id.* Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

But Mr. Geddes never sought certification of his interlocutory appeal under § 1292(b), and the district court never issued such a certification. Section 1292(b) therefore does not permit us to exercise jurisdiction over Mr. Geddes's interlocutory appeal.

## III. CONCLUSION

We dismiss this interlocutory appeal for lack of jurisdiction.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge